**UNITED STATES of America,
Appellee,**

v.

**Adam IZZO, Defendant–Appellant.**

**Docket No. 04–5248–CR.**

United States Court of Appeals,
Second Circuit.

Aug. 17, 2005.

---

Alexander Bunin, Federal Public Defender, Burlington, VT, for Defendant–Appellant.

David V. Kirby, Acting United States Attorney, John P. Tavana, Assistant United States Attorney, Burlington, VT, for Appellee.

Present: WINTER, KATZMANN, Circuit Judges, and GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant-appellant Adam Izzo appeals from a sentence of twenty-seven months incarceration followed by a two-year term of supervised release. Izzo was arrested after the police responded to a domestic disturbance complaint at his girlfriend's residence, and found a 9mm pistol tucked in his waistband. Izzo had been convicted in 1999 of the felony crime of burglary. Consequently, he pled guilty to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding a year. 18 U.S.C. § 922(g)(1).

The PSR prepared by the Probation Office assigned Izzo seventeen criminal history points, fifteen based on Izzo's prior convictions, and two based on his having committed the current offense while on probation. At sentencing, the district court decided that including two of the prior sentences, worth five criminal history points, would overstate the seriousness of Izzo's criminal history. Excluding these

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

sentences, the district court assigned Izzo twelve criminal history points, which yielded a criminal history category of five.

■ Izzo argues that the sentence imposed by the district court violated the Sixth Amendment because facts underlying the sentence enhancement were neither pled in the indictment nor proven beyond a reasonable doubt. Specifically, Izzo points to the district court's reliance on the fact of his previous convictions and the fact that he was on probation at the time he committed the instant offense as reliance on facts that were never proven to a jury.

The district court's reliance on the fact of Izzo's prior convictions does not violate Izzo's Sixth Amendment rights based on existing Supreme Court precedents, which we are bound to follow. In *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the Sixth Amendment requirement of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)— that all facts other than the fact of a prior conviction increasing a penalty beyond a prescribed statutory maximum be submitted to a jury and proved beyond a reasonable doubt—applied to the Federal Sentencing Guidelines. *Booker*, 125 S.Ct. at 755–56. *Booker* thus preserved the exception created by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), permitting a judge to enhance a sentence based on the fact of a prior conviction. *See Booker*, 125 S.Ct at 756 ("Any fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

In a letter sent to the court after his reply brief was filed, Izzo argues that *Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), casts doubt on the prior-conviction exception. However, the *Shepard* majority did nothing to disturb *Almendarez–Torres*. That Justice Thomas, in a concurrence in *Shepard*, reiterated his opposition to *Almendarez–Torres*'s holding does not change the fact that *Almendarez–Torres* remains binding precedent. *See Maryland v. Wilson*, 519 U.S. 408, 412–13, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997) (observing that statement in a concurrence does not "constitute[ ] binding precedent"); *cf. Bach v. Pataki*, 408 F.3d 75, 86 (2d Cir.2005) (stating that where "a Supreme Court precedent 'has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to th[e Supreme] Court the prerogative of overruling its own decisions.' ") (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)) (alterations in original).

■ During sentencing, the district court also referred to its determination that Izzo was on probation at the time of the instant conduct. Even if we were to conclude that this type of fact-finding falls outside the *Almendarez–Torres* exception, any error would have been harmless. Izzo was assessed two additional criminal history points based on this finding. With these two points removed, Izzo's total criminal history points would have been ten, meaning that he still would have been within Criminal History Category V. *See U.S. Sentencing Guidelines Manual* § 5A; *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir.1994) (finding no need to address the addition of two criminal history points when criminal history category would remain the same if those points were excluded).

We also note that, in response to an inquiry from this court, Izzo waived his right to permit the district court to consider whether to resentence under *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Consequently, we need not remand to permit the district court to consider whether it would have sentenced Izzo differently had it known that the Federal Sentencing Guidelines were not mandatory.[2]

Accordingly, the judgment of the district court is AFFIRMED.

---

2. The futility of remand in this case is underlined by the district court's comment that it would have given Izzo the same sentence, even if the Guidelines were merely advisory.

